UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
         v.                         )   Criminal No. 09-0226 (PLF)
                                    )
TED GIOVANNY LOZA,                  )
                                    )
         Defendant.                 )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the government's motion *in limine* to admit evidence of other crimes, wrongs, or acts pursuant to Rule 404(b) of the Federal Rules of Evidence. The Court heard oral argument on this motion on February 1, 2011, and took it under advisement. Upon consideration of the parties' papers, the oral arguments presented by counsel, the relevant legal authorities, and the entire record in this case, the Court will grant in part and deny in part the government's motion.

I. BACKGROUND

The defendant, Ted Giovanny Loza, former chief of staff for District of Columbia Councilmember Jim Graham, is charged with one count of conspiracy, in violation of 18 U.S.C. § 371; three counts of bribery, in violation of 18 U.S.C. § 201(b); one count of extortion, in violation of 18 U.S.C. § 1951; and one count of making false statements in violation of D.C. Code § 22-2405. The charges arise primarily from an alleged plan entered into by defendant and

his co-conspirators to unlawfully "control[] and dominat[e] the taxicab industry in the District of Columbia." Indictment ¶ 13.[1]

The government asks the Court to admit three categories of evidence of other crimes, wrongs, or acts: (1) the defendant's alleged acceptance of an all expenses paid trip to Ethiopia in the summer of 2004; (2) the defendant's alleged acceptance, in 2009, of $200 and a piece of luggage from an associate on whose behalf the defendant allegedly had intervened with a District of Columbia agency; and (3) the defendant's alleged failure to list certain required items on his 2004, 2007, and 2009 Financial Disclosure Forms. See Mot. at 1-2. The government contends that "[e]vidence of these incidents is offered to prove the charged offenses; it is not, however, offered merely to establish the defendant's criminal character." Id. at 2.

During oral argument on the government's motion, the defendant stated that he no longer opposed admission of the first category — the alleged acceptance of an all expenses paid trip to Ethiopia. The Court therefore will admit such evidence. Defendant, however, does oppose the admission of the second and third categories. Defendant argues that "the evidence sought to be admitted either is not probative of any issue other than character, or the probative value of the evidence is substantially outweighed by the danger of unfair prejudice . . . ." Opp. at 6.

II. LEGAL STANDARD

In considering the admissibility of other crimes, wrongs, or acts under Rule 404(b) of the Federal Rules of Evidence, the Court must apply a two-step analysis. First, the Court must

---

[1] The references to the Indictment are to the second superseding indictment, returned on January 25, 2011.

determine whether "the evidence [is] probative of some material issue other than character." United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994). Under Rule 404(b), evidence of other crimes, wrongs, or acts is admissible "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b). This is not an exclusive list of relevant purposes, and any purpose for which such evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character or criminal propensity. See United States v. Mahdi, 598 F.3d 883, 891 (D.C. Cir. 2010); United States v. Pettiford, 517 F.3d 584, 588 (D.C. Cir. 2008); United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990). Furthermore, in this circuit the Rule is viewed as one of inclusion rather than exclusion. United States v. Long, 328 F.3d 655, 660-61 (D.C. Cir. 2003); United States v. Bowie, 232 F.3d 923, 929-30 (D.C. Cir. 2000).

Second, if the Court determines that the other crimes evidence is admissible for a legitimate purpose, the Court then must decide whether it nevertheless should be excluded under Rule 403 of the Federal Rules of Evidence because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403; see United States v. McCarson, 527 F.3d 170, 173-74 (D.C. Cir. 2008); United States v. Clarke, 24 F.3d at 264 ("The second step requires that the evidence not be inadmissible under Rule 403."). Under Rule 403, the test is "unfair prejudice," not prejudice or harm to the defense. United States v. Pettiford, 517 F.3d at 590 ("Rule 403 'does not bar powerful, or even 'prejudicial' evidence. Instead, the Rule focuses on the 'danger of *unfair* prejudice,' . . . .'") (quoting United States v. Gartmon, 146 F.3d 1015, 1021 (D.C. Cir. 1998);

3

FED. R. EVID. 403) (emphasis in original); <u>United States v. Cassell</u>, 292 F.3d 788, 796 (D.C. Cir. 2002) ("Virtually all evidence is prejudicial or it isn't material. The prejudice must be unfair.") (internal quotations and citation omitted).

### III. DISCUSSION

As stated, the government requests the admission of three categories of evidence. Because defendant no longer opposes admission of the first category, the Court discusses in turn the two remaining categories and determines whether the government's proffer and the rationale for admission of each category of evidence meet the requirements for admission under Rules 404(b) and 403.

#### A. *$200 and a Piece of Luggage*

The government seeks to introduce evidence that, in 2009, the defendant allegedly accepted $200 and a piece of luggage from an associate on whose behalf the defendant allegedly had intervened with a District of Columbia agency. Mot. at 2. As the government states: "In order to convict the defendant of bribery and conspiracy to commit bribery, the government must prove that he knowingly accepted or agreed to accept things of value in exchange for performing official acts." <u>Id</u>. at 9-10. The government argues that this category of other crimes evidence "is offered to establish the defendant's intent when he received bribes from Mr. [Abdul] Kamus, his knowledge regarding the bribes, and the absence of mistake regarding the bribes, as charged in Counts One through Four (Bribery and Conspiracy to Commit Bribery)" of the Indictment. <u>Id</u>.

Although this evidence may be probative of some purpose other than character, the Court finds that the probative value is limited and is — at this stage — "substantially

4

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.  The Court will, however, consider admitting this evidence in rebuttal — or on cross-examination of the defendant if he testifies — "but only if the defendant brings into question" his intent, knowledge, or the absence of mistake regarding the alleged bribes.  United States v. Williams, 2010 WL 3155824, at *3 (D.D.C. Aug. 11, 2010).

As a general rule, "'inadmissable extrinsic evidence'" can become "'admissible on redirect [examination] as rebuttal evidence, when defense counsel has opened the door to such evidence . . . .'"  United States v. Collier, 385 Fed. App'x 876, 2010 WL 2600651, at *2 (11th Cir. June 30, 2010) (quoting United States v. West, 898 F.2d 1493, 1500 (11th Cir. 1990)) (alteration in original); see United States v. Antonakeas, 255 F.3d 714, 724 (9th Cir. 2001) ("'Direct-examination testimony containing a broad disclaimer of misconduct sometimes can open the door for extrinsic evidence to contradict even though the contradictory evidence is otherwise inadmissible under Rules 404 and 608(b) and is, thus, collateral.'") (quoting 28 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE § 6119 at 116-17 (1993)).  Accordingly, although a court may make an initial determination that the probative value of extrinsic evidence is substantially outweighed by its prejudicial effect, "once defense counsel 'open[s] the door'" the evidence's probative value may be "enhanced such that it outweigh[s] its prejudicial effect."  See United States v. Johnson, 730 F.2d 683, 691 (11th Cir. 1984).

This rule and its underlying rationale apply equally in the specific Rule 404(b) context.  See United States v. Williams, 2010 WL 3155824, at *3 (holding that a gang's alleged

use and distribution of illegal drugs would be admitted as 404(b) evidence "in rebuttal but only if the defendant brings into question the alleged illicit and violent nature of the gang"); United States v. Knight, 185 F. Supp. 2d 65, 69 (D.D.C. 2002) (in drug case, holding that 404(b) evidence would be excluded pursuant to Rule 403 with the exception that "[i]f the defense argues or suggests at trial that [the defendant] did not intend to sell the drugs or that he did not possess the gun in connection with the drugs or know that he possessed it . . . he will 'open the door' to receipt of the evidence"); United States v. Jacobson, 578 F.2d 863, 866 (10th Cir. 1978) (district court properly admitted 404(b) evidence in drug case "since the accused had taken the witness stand and had denied entirely that he had anything to do with the selling of drugs"); see also United States v. Khanu, 664 F. Supp. 2d 80, 85-86 (D.D.C. 2009) (finding 404(b) evidence probative but reserving final ruling on admission of such evidence until trial so as "to weigh," under Rule 403, "[the] probative value against any possible unfair prejudice in the context of the evidence presented"). Thus, although the Court currently finds that the limited probative value of this second category of evidence is substantially outweighed by the danger of unfair prejudice, defendant's actions at trial may alter the Court's calculus under Rule 403. See United States v. Williams, 2010 WL 3155824, at *3; United States v. Knight, 185 F. Supp. 2d at 69; see also United States v. Silvestri, 719 F.2d 577, 583 (2d Cir. 1983) (court properly admitted other crimes evidence under Rule 404(b) "to rebut [the defendant's] claim, advanced in counsel's opening statement and through cross-examination, that he never did anything in connection with bribery of public officials").

*B. Failure to List Certain Items on 2004, 2007, and 2009 Financial Disclosure Forms*

The government seeks to introduce evidence that the defendant failed to list certain items on his 2004, 2007, and 2009 Financial Disclosure Forms. Mot. at 2. The government argues that this evidence "is offered to establish the defendant's intent when he failed to list certain items on his 200[8] Financial Disclosure Form, his knowledge regarding those forms, and the absence of any mistake on his part when he failed to list those items, as charged in Count Six (False Statements)" of the Indictment. Id.

The Court is not convinced that this "evidence [is] probative of some material issue other than character." United States v. Clarke, 24 F.3d at 264. Moreover, at this stage the Court finds that any probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. For the reasons stated above, however, the Court will at least "consider admitting this evidence in rebuttal . . . if the defendant brings into question" his intent, knowledge, or the absence of mistake regarding the defendant's alleged failure to list required items on his 2008 Financial Disclosure Form. United States v. Williams, 2010 WL 3155824, at *3; see United States v. Knight, 185 F. Supp. 2d at 69.

IV. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part the government's motion. The three categories of evidence will be admitted under the parameters described above and with appropriate limiting instructions.[2]

Accordingly, it is hereby

ORDERED that the government's motion *in limine* to admit evidence of other crimes [Dkt. No. 48] is GRANTED in part and DENIED in part.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
DATE: February 3, 2011                     United States District Judge

---

[2] This Memorandum Opinion and Order does not address the government's supplemental notice of other crimes, requesting admission of evidence that "[t]he defendant, through his official position, was involved with obtaining funding for Fiesta DC" and that "[d]uring this association, the defendant often threatened Fiesta DC's financing, if his demands for certain benefits were not met." Gov't Supplemental Notice of Other Crimes at 2, Jan. 26, 2011 [Dkt. No. 52]. During oral argument, defendant indicated that he objected to the admission of this evidence on procedural and substantive grounds but wishes to respond in writing to the supplemental notice before the Court rules. The Court will therefore address this fourth category of evidence after having considered defendant's opposition.